## REMEDY OF A LESSEE FOR NINETY-NINE YEARS OF PROPERTY FOUND TO BE ENCUMBERED.

Circuit Court of Cuyahoga County.

GEORGE KING v. ERLA M. BARRY.

Decided, December 16, 1911.

*Lease for Ninety-Nine Years—Reformation—Confusion as to Title—Reduction of Rent on Account of Encumbrance.*

1. Where there was no mutual mistake as to the terms of a ninety-nine year lease entered into between the parties, it is no ground for reformation of the lease that the parties were in some confusion as to the encumbrances upon the title of the lessor.

2. Where there is an encumbrance in the nature of an easement upon property which one has agreed to lease for ninety-nine years, and which encumbrance the lessor is unable to remove, the lessee may keep the premises and have his rent reduced proportionately.

*Henderson, Quail & Siddall,* for plaintiff in error.

*Smith, Taft & Arter,* contra.

MARVIN, J.; WINCH, J., and HENRY. J., concur.

In this action the plaintiffs seek the reformation of a contract of lease entered into between the parties, in reference to certain real estate owned by King in this city, which lease was to continue for a period of ninety-nine years. This reformation is sought on the ground of mutual mistake of the parties.

Without stopping to go over the evidence in the case, it does not appear that there was a mutual mistake, either as to the reading of the contract of lease, or as to its legal effect, but there was some confusion in the mind of King, and perhaps of Barry, as to the state of the title to the south twelve feet of the premises leased. It was known that there had been granted a right-of-way across these twelve feet to an adjoining lot. It was apparently thought by Barry that the rights of the dominant tenant had been forfeited in this right-of-way, and there was doubt in the mind of King on that subject, and without having that matter settled and fixed, the parties voluntarily entered into the lease.

Prior to the beginning of this action, Barry had made no claim against King because of any encumbrance by way of this right-of-way upon the south twelve feet of the premises leased, but King apprehended that he might make such claim, and he seeks in this proceeding to have the contract of lease so reformed as to relieve King from warranting the title as against such encumbrance.

It would not be profitable to go over in detail the evidence in the case. As already said, we do not find that there was that kind of mistake as would justify granting the prayer of the plaintiff's petition.

The defendant, by way of answer, sets up the fact that there is such a right-of-way existing over this property, or rather admits that the allegations of the petition in that regard are true; and he asks that the court so modify the terms of the lease as to fix an amount that should be deducted from the rental which the defendant undertook by the lease to pay to the plaintiffs for the premises. The evidence on the difference in rental value because of this franchise, when carefully considered, differs very little among the several witnesses. Giving the defendant the benefit of the last evidence produced on the part of the plaintiffs in that regard, which is fully as beneficial to the defendant as any evidence introduced by him or by any of the other witnesses of the plaintiffs, it would seem that the rental of these premises should be reduced one forty-fourth of the rent contracted by the defendant to be paid, and the decree will be that the petition of the plaintiffs be dismissed, that the contract of lease shall be valid as between the parties except that there shall be deducted each year from the rental specified in the contract one forty-fourth part of such rental, leaving the defendant to pay forty-three forty-fourths of the specified rental.